## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

### CASE NO.: 22-cv-21387

**L & M IMPORTS & EXPORTS, LLC,**
**a Florida limited liability company,**

                                **Plaintiff,**

**vs.**

**JSM FINANCIAL, LLC,**
**a New Jersey limited liability company,**

_____**Defendant.**_____/

### COMPLAINT

Plaintiff L & M Imports & Exports, LLC, a Florida limited liability company ("L & M")

sues the Defendant JSM Financial LLC, a New Jersey limited liability company ("JSM") and states

as follows:

### JURISDICTION

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §1332 (a) because the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is

between citizens of different States and in which citizens or subjects of a foreign state are

additional parties.

### VENUE

2.      Venue is proper in the United States District Court for the Southern District of

Florida where the Plaintiff regularly operates its United States based operation, and where the

agreement between L & M and JSM was signed and executed.

### PARTIES

3.      L & M is a Florida limited liability company with its principal place of business in Doral, Florida and with offices abroad in Managua, Nicaragua.

4.      JSM is a New Jersey limited liability company with its principal place of business in Fair Lawn, New Jersey in Bergen County, New Jersey.  JSM holds itself out publicly as having offices in New York, New York, however a corporate search revealed that its principal place of operation and corporate organization are in the State of New Jersey.

## GENERAL ALLEGATIONS

5.      On or about October 28, 2021, JSM and L & M entered a Contract for the sale of soybean oil for exportation to Nicaragua.

6.      Specifically, the Contract called for JSM to send monthly shipments of 8 containers per month to L & M and that the shipments be delivered in Nicaragua commencing in January of 2022.

7.      A true and correct copy of the Contract between L & M and JSM is attached hereto as **Exhibit A**.

8.      The Contract states at paragraph 6, that JSM would provide to L & M the following documents *see* **Exhibit A at ¶6**:

   a.   Invoice.

   b.   Bill of Lading.

   c.   SGS Certificate (QQ).

   d.   Export Customs Declaration (CMR).

   e.   Origin Certificate.

   f.   Copy of Phytosanitary Certificate issued by official authorities, dated latest at BL date (if not BL date an addendum must be issued).

g.  Copy of Veterinary Certificate issued by official authorities, dated latest at BL date (if not BL date an addendum must be issued).

h.  Holds Inspection certificate.

i.  Non-Radioactivity Certificate.

j.  Weight / quality Certificates, issued by First class Surveyors, at BUYER choice and SELLER expenses.

k.  Fumigation certificate on cases needed.

l.  Originals of phytosanitary Certificate, Veterinary Certificate and Origin certificate to be sent via express courier directly to the address to be instructed by the Buyers and to arrive before cargo arrival or alternatively to be on board. Discharging in CIF CORINTO, NICARAGUA is not possible without the above-mentioned documents, and related possible waiting time for the vessel is for Sellers's account.

9.      On or about January 4, 2022, January 5, 2022, and January 10, 2022, L & M wired $243,712.00 to JSM as agreed to in the Contract in advance of the first shipment which was supposed to be shipped on or about January 2022.  *See* **Exhibit B**.

10.     To date, JSM has not delivered the first shipment of soybean oil as agreed upon by the parties on October 28, 2021, notwithstanding having been paid in full for the first shipment.

11.     L & M has requested documentation from JSM to prove the shipment was in transit and has received what are clearly doctored and forged documents and was also told that the information and logistics of the soybean shipment was cloaked in a vail of secrecy and confidentiality.

12.     True and correct copies of the communications and alleged documentation from JSM is attached hereto as **Exhibit C**.

13.     As part of their business, L & M had pre-existing contracts for the sale and delivery of the refined soybean oil throughout Nicaragua.

14.     As a result of the JSM's failure to deliver the soybean oil as agreed to, L & M has not been able to comply with the resale agreements it had entered upon reliance of the soybean delivery schedule contemplated by the Contract and has suffered in excess of a million dollars in losses.

15.     All conditions precedent to the institution of this action have been satisfied, have occurred, or been waived.

**COUNT I**
**BREACH OF CONTRACT**

16.     L & M re-alleges paragraphs 1 through 15.

17.     At all material times JSM was obligated to make periodic delivery of soybean oil to Nicaragua in accordance with the Contract.  *See* **Exhibit A.**

18.     Additionally, JSM was obligated to provide to L & M the following documentation upon demand pursuant to the Contract *see* **Exhibit A at ¶6**:

   a.   Invoice.

   b.   Bill of Lading.

   c.   SGS Certificate (QQ).

   d.   Export Customs Declaration (CMR).

   e.   Origin Certificate.

   f.   Copy of Phytosanitary Certificate issued by official authorities, dated latest at BL date (if not BL date an addendum must be issued).

    g.  Copy of Veterinary Certificate issued by official authorities, dated latest at BL date (if not BL date an addendum must be issued).

    h.  Holds Inspection certificate.

    i.  Non-Radioactivity Certificate.

    j.  Weight / quality Certificates, issued by First class Surveyors, at BUYER choice and SELLER expenses.

    k.  Fumigation certificate on cases needed.

    l.  Originals of phytosanitary Certificate, Veterinary Certificate and Origin certificate to be sent via express courier directly to the address to be instructed by the Buyers and to arrive before cargo arrival or alternatively to be on board. Discharging in CIF CORINTO, NICARAGUA is not possible without the above-mentioned documents, and related possible waiting time for the vessel is for Sellers's account.

19.    On January 4, 2022, January 5, 2022, and January 10, 2022, L & M wired $243,712.00 to JSM as agreed to in the Contract in advance of the first shipment which was supposed to be shipped on or about January 2022.  *See* **Exhibit B**.

20.    On or about February 2022, L & M demanded to know what the status of the first shipment of soybean oil was and demanded the documents listed below *see* **Exhibit A at ¶6**:

    a.  Invoice.

    b.  Bill of Lading.

    c.  SGS Certificate (QQ).

    d.  Export Customs Declaration (CMR).

    e.  Origin Certificate.

f.  Copy of Phytosanitary Certificate issued by official authorities, dated latest at BL date (if not BL date an addendum must be issued).

g.  Copy of Veterinary Certificate issued by official authorities, dated latest at BL date (if not BL date an addendum must be issued).

h.  Holds Inspection certificate.

i.  Non-Radioactivity Certificate.

j.  Weight / quality Certificates, issued by First class Surveyors, at BUYER choice and SELLER expenses.

k.  Fumigation certificate on cases needed.

l.  Originals of phytosanitary Certificate, Veterinary Certificate and Origin certificate to be sent via express courier directly to the address to be instructed by the Buyers and to arrive before cargo arrival or alternatively to be on board. Discharging in CIF CORINTO, NICARAGUA is not possible without the above-mentioned documents, and related possible waiting time for the vessel is for Sellers's account.

21.     In response to L & M's inquiry, JSM submitted a shipping slip which appears to be falsified.  *See* **Exhibit C**.

22.     To date JSM has failed to deliver the first shipment of soybean oil per the Contract despite receiving full payment for the first shipment and has also failed to provide any of the documents requested by L & M, which L & M has a contractual right to view and retain for its records.

23.     In addition, JSM has not made any subsequent shipments of soybean oil as set forth in the Contract.

24.     JSM breached the contract with L & M by failing to make delivery of the soybean oil as agreed to in the Contract.

25.     As a direct and proximate result of JSM's breach, L & M has sustained damages in excess of $243,712.00, which is a liquidated sum plus lost profits in excess of a million dollars.

WHEREFORE, L & M demands judgment against JSM in the sum of $243,712.00, in addition to lost profits in excess of a million dollars, together with actual and consequential damages, prejudgment interest, costs of action, and reasonable attorney's fees, and such further relief as this Court deems just and equitable.

## COUNT II
## UNJUST ENRICHMENT

26.     L & M re-alleges paragraphs 1 through 15.

27.     JSM received the sum of $243,712.00 for the first shipment of soybean oil.

28.     L & M performed by delivering timely payment as requested by JSM.

29.     JSM, pursuant to the Contract with L & M, was supposed to deliver the first shipment of soybean oil in exchange for the sum of $243,712.00, however, JSM has retained the conferred benefit and it would be inequitable for JSM to retain the benefit without delivering the soybean oil as agreed.

WHEREFORE, L & M demands judgment for damages against JSM, in the sum of $243,712.00, together with actual and consequential damages, prejudgment interest, costs of action, and reasonable attorney's fees, and such further relief as this Court deems just and equitable.

## COUNT III
## FRAUDULENT INDUCEMENT

30.     L & M realleges paragraphs 1 through 15.

*Case No.: 22-cv-21387*

31.     At all material times JSM through its agents and employees made false and misleading representations to, and concealed and omitted pertinent and material information from L & M.

32.     At all material times, L & M reasonably relied on JSM's representations.

33.     JSM by both acts and omissions, made false statements concerning material facts regarding the status of the shipment, specifically by providing false and altered bills of landing which falsely represented the status of the shipment of soybean oil.

34.     JSM knew at the time L & M entered into the Contract, that there were material facts which they failed to disclose, specifically that JSM could not fulfill the soybean oil shipment and had no intention of fulfilling the same.

35.     JSM intended that L & M be induced by their false statements and material omissions so that L & M would execute the Contract.

36.     As a direct and proximate result of L & M's reliance on the statements and omissions made by JSM, L & M has suffered damages.

WHEREFORE, Plaintiff, L & M, demands judgment against Defendant, JSM, for actual and consequential damages, plus pre-judgment interest, costs, reasonable attorney's fees and such other relief as this Court deems just and equitable.

**DATED THIS __3rd__ DAY OF MAY 2022**

*/s/ Jose-Trelles Herrera*
**JOSE-TRELLES HERRERA, ESQ.**
**Florida Bar No.: 113685**
**HERRERA LAW FIRM, P.A.**
**P.O. Box 442968**
**Miami, Florida 33144**
**Tel: (305) 445-1100 / Fax: (305) 221-8805**
**E-mail: JTHerrera@Herreralawfirm.com**
**VTarajano@Herreralawfirm.com**